UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VALDEZ, | Civil No.06cv1354-JAH(NLS) |
| Petitioner, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| DIRECTOR OF THE CALIFORNIA DEPT. OF CORRECTIONS, | |
| Respondent. | |

Raul Valdez ("Petitioner") is a California state prisoner serving consecutive terms of 15 years to life for second degree murder and a life sentence for torture. He has filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254, challenging his state court conviction on four grounds: (1) his Fifth and Fourteenth amendment due process rights were violated because he was not aware that intent to cause death is an element of second degree murder; (2) his guilty plea to second degree murder was involuntary because he was incompetent; (3) trial counsel was ineffective for allowing him to plead guilty while under the influence of psychotropic drugs; and (4) appellate counsel was ineffective for failing to argue on direct appeal that grounds one through three constituted denial of effective assistance of counsel. (*Petition*, 6-9.)

On July 13, 2006, Petitioner filed an application with the Court to proceed *in forma pauperis* [Doc. No. 3]. On July 20, 2006, the Court issued an order granting Petitioner's application and notifying Petitioner regarding the possibility that his petition would be dismissed for failure to exhaust his state court remedies prior to filing his federal habeas petition [Doc. No. 4]. Petitioner failed to allege

exhaustion with respect to Claim Four of his petition regarding ineffective assistance of appellate counsel. (*Petition*, 9.) The Court advised Petitioner that in order to avoid a *sua sponte* dismissal of his petition, he needed to choose one of four options available to him, including (1) demonstrating exhaustion; (2) voluntarily dismissing his entire petition to return to state court and exhaust his unexhausted claim; (3) formally abandoning his unexhausted claim; or (4) filing a motion to dismiss his unexhausted claim without prejudice and to stay the federal proceeding while he returns to state court to exhaust his unexhausted claim. (*Court Order of July 20, 2006*, 2-4, *citing Rose v. Lundy*, 455 U.S. 509 (1982).) The Court further instructed Petitioner that he had until September 11, 2006 to respond to the Court's order by choosing one of the four options and filing the appropriate papers with the Court. (*Id.*) The Court advised Petitioner that if he failed to respond, the Court would recommend to the presiding District Judge that the petition be dismissed without prejudice. (*Id.* at 4.)

To date, Petitioner has failed to respond to the Court's July 20, 2006 Order. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice due to Petitioner's failure to exhaust his unexhausted claim in state court prior to filing his federal petition.

**IT IS ORDERED** that no later than ***November 17, 2006***, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
2  served on all parties no later than ***November 30, 2006***.  The parties are advised that failure to file
3  objections within the specified time may waive the right to raise those objections on appeal of the
4  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5    **IT IS SO ORDERED**.

6  DATED:  October 18, 2006

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge