# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VALDEZ,<br><br>    Petitioner,<br>v.<br><br>DIRECTOR OF THE CALIFORNIA<br>DEPT. OF CORRECTIONS,<br><br>    Respondent. | Civil No. 06cv1354 JAH (NLS)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S PETITION**<br><br>**[Doc. No. 6]** |

## BACKGROUND

On June 30, 2006, Petitioner, a pro se state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction on four grounds: 1) due process rights violations under the Fifth and Fourth Amendment because he was unaware that intent to cause death is an element of second degree murder; 2) his second degree murder plea was involuntary because he was incompetent; 3) ineffective assistance of trial counsel because he plead guilty while under the influence of psychotropic drugs; and 4) ineffective assistance of appellate counsel for failing to argue on direct appeal that grounds one to three amounted to the denial of effective assistance of counsel. On July 20, 2006, the Honorable Nita L. Stormes, United States Magistrate Judge, issued a notice of possible failure by Petitioner to exhaust his state court remedies. Doc. No. 4. In particular, Judge Stormes found that Petitioner failed to allege exhaustion with respect to Claim 4 of his petition. Judge Stormes advised Petitioner of the possibility of sua sponte dismissal of his petition, and required

Petitioner to inform this Court of his choice of four options, including: 1) the demonstration of exhaustion of his petition; 2) voluntarily dismissing his petition and returning to state court to exhaust his unexhausted claim; 3) formally abandoning his unexhausted claim; or 4) move to stay the proceedings while he exhausts his unexhausted claim in state court. Judge Stormes instructed Petitioner that he had until September 11, 2006, to file a response to the Court's Order. Petitioner failed to respond to Judge Stormes' exhaustion order.

On October 18, 2006, Magistrate Judge Stormes submitted a report and recommendation ("Report") to this Court recommending that Petitioner's habeas corpus petition be dismissed without prejudice for failure to exhaust his unexhausted claim in state court prior to filing his federal petition. Objections to the Report were due by November 30, 2006, but neither party filed objections.

After careful consideration of the petition and relevant exhibits submitted by Petitioner, and for the reasons set forth below, this Court ADOPTS in full the Report and DISMISSES without prejudice Petitioner's habeas corpus petition.

## DISCUSSION

### I. Legal Standard

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate [judge]." Id. When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F.Supp.2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*." Barilla v. Ervin, 886 F.2d 1515, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## II. Analysis

The Court received no objections to the Report and no request for an extension of time in which to file any objections. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full.

The Court has conducted a <u>de novo</u> review, independently reviewing the Report and all relevant papers submitted by Petitioner, and finds that the Report provides a cogent analysis of the exhaustion issue presented. Specifically, the Court agrees with the Report, and finds that Petitioner has not fully exhausted his claims in state court prior to the filing of his habeas corpus petition in federal court. In particular, Petitioner has failed to exhaust claim four of his petition, which alleges ineffective assistance of appellate counsel for failing to argue on direct appeal that grounds one to three amounted to the denial of effective assistance of counsel. To fully exhaust his claims, a petitioner must provide the highest state court a full and fair opportunity to consider all of his claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971). Every claim of his petition must be exhausted. <u>Id.</u> Petitions containing both exhausted and unexhausted claims ("mixed petitions") cannot be addressed by the federal courts, and thus "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." <u>Rose v. Lundy</u>, 455 U.S. 509, (1982). Because Petitioner failed to present claim four for ineffective assistance of appellate counsel in state court, and thus failed to fully exhaust his claims, his petition must be accordingly DISMISSED.

///
///
///
///
///
///
///
///

## **CONCLUSION AND ORDER**

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the Report and Recommendation are **ADOPTED** in full.
2. Petitioner's habeas corpus petition is **DISMISSED without prejudice.**
3. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

DATED:  April 13, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Stormes
All Counsel of Record